IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDA THOMPSON,

        Plaintiff,

v.

GENE LAMKE, et al.,

        Defendants.

No. 6:14-cv-963-TC

FINDINGS & RECOMMENDATION

COFFIN, Magistrate Judge:

    Pro se plaintiff brings this action asserting numerous claims against some 30 defendants ranging from Southern California municipalities, law enforcement agencies, state legislators, and medical and assisted care facilities to the Church of Scientology, for purported mistreatment of her father. The court has, in previous orders, alluded to various problems with this action including venue and jurisdictional issues. Now that plaintiff has accomplished service on many of the defendants, several motions to dismiss have been filed with all raising improper venue among other deficiencies in the complaint.

Plaintiff alleges that her father was subject to abusive and fraudulent treatment while in the care of defendant Chase Care Center in southern California. Plaintiff alleges that the abusive care ultimately led to her father's death. Plaintiff further alleges some sort of conspiracy to deny her access to her father and information regarding his healthcare involving at least Chase Care and her sister. She alleges she complained to law enforcement such as defendant the El Cajon police Department, legislators such as defendant California State Senator Joel Anderson, and agencies such as the San Diego County Department of Aging and Independence Services all to no avail.

All defendants are California individuals or entities primarily in the San Diego area. Other than plaintiff's residence in Oregon at the time she initiated this action,[1] there is no alleged connection to the state of Oregon and the complaint is completely devoid of any activity occurring in Oregon. Moreover, plaintiff fails to allege any contacts with the state of Oregon made by any defendant in any fashion.

There are currently six motions to dismiss pending before the court filed by: the County of San Diego, the County of San Diego Board of Supervisors, the County of San Diego Health and Human Services Agency, and San Diego County official Perry Moore (#23); the State of California Highway Patrol (#24); Senator Anderson and his constituent affairs representative Lori Brown (#25); the State of California Bureau of Medi-Cal Fraud and Elder Abuse (#33); Chase Care Center (#44); and various entities of the City of El Cajon (#47). Plaintiff's response to the motions consist of a motion to transfer venue.

As plaintiff concedes venue is inappropriate and because numerous defendants have engaged in motions practice asserting lack of jurisdiction and failure to state a claim, dismissal is appropriate

---

[1]Since filing this case, plaintiff has moved to Spring Valley, California.

rather than transfer. See 28 U.S.C. § 1406(a) (court shall dismiss case filed in the wrong district or transfer to appropriate district if in the interest of justice). It appears plaintiff merely chose to file in this district for her own convenience given she had moved here and failed to consider whether venue was appropriate when filing. Indeed, plaintiff even appears to concede that this court has no personal jurisdiction over defendants. Nonetheless, plaintiff's choice to file in this court has required defendants to address whether the complaint asserts an appropriate cause of action and invest time and effort in such endeavors.[2]

While plaintiff is concerned that she may face a statute of limitation issues on some state causes of action, she asserts she will still meet the statute of limitations should she have to re-file her federal causes of action. The motions to dismiss have merit and, at best, plaintiff should only be allowed to amend to attempt to cure deficiencies. Given these issues, the interest of justice favor dismissal requiring plaintiff to file anew in the appropriate forum if she can cure the deficiencies noted in the motions to dismiss. See, e.g., McFarland v. Memorex Corp., 493 F.Supp. 657, 660 (D.C.Cal. 1980) (unjust to transfer venue in face of successful motions to dismiss filed by some defendants even if statute of limitations may have run).

## CONCLUSION

For the reasons stated above, the motions to dismiss (#s 23, 24, 25, 33, 44, and 47) should be granted. All other pending motions should be denied as moot and this action should be dismissed.

---

[2]Plaintiff served these defendants even after the court noted possible venue, jurisdiction, and immunity issues in denying a motion to appoint counsel.

3 - FINDINGS & RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this __23__ day of February 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge